1  KILPATRICK TOWNSEND & STOCKTON LLP
   Kollin J. Zimmermann (CA Bar No. 273092)
2  KZimmermann@ktslaw.com
   Kristine L. Craig (CA Bar No. 328736)
3  kcraig@ktslaw.com
   Gabriel M. Ross (CA Bar No. 358450)
4  gross@ktslaw.com
   1801 Century Park East Suite 2300
5  Los Angeles, CA  90067
   Telephone:     310-248-3830
6  Facsimile:     310-860-0363

7  DUFF LAW PLLC
   Anderson J. Duff (*pro hac vice* granted)
8  ajd@hoganduff.com
   353 Ocean Avenue, Suite 4E
9  New York, New York 11226
   Telephone:     646-450-3607

10

11 *Attorneys for Plaintiff, Ramdon Corp.*

12              **UNITED STATES DISTRICT COURT**

13    **FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

14

15 RAMDON CORP., a Delaware corporation,      Case No.:  5:25-cv-0243-SVK

16          Plaintiff,                         **JOINT CASE MANAGEMENT
                                               STATEMENT & [PROPOSED] ORDER**
17 v.

18 YAMA ELECTRONICS LLC, a California
   limited liability company; YAMA
19 ELECTRONICS, INC., a California
   corporation; and YAMA MOHAMMAD, an
20 individual in California,

21          Defendants.

22

23          The parties in the above-entitled action jointly submit this Joint Case Management Statement

24 and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of

25 California and Civil Local Rule 16-9. The undersigned counsel certify that counsel for the Parties

26 conferred on May 20, 2025 regarding the issues contained herein.

27

28

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - 5:25-cv-0243-SVK**

**1. Jurisdiction & Service**

This Court has subject matter jurisdiction over all claims asserted in the above-captioned matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. All Defendants have been served and there are no issues regarding persona jurisdiction or venue.

**2. Facts**

<u>Plaintiff's Statement</u>:  Plaintiff sells pressurized gas for use in whippers for cream under its trademark EXOTICWHIP and featuring a jungle motif trade dress and has used its EXOTICWHIP trademark and jungle motif trade dress on such products in the United States since at least as early as March 2021. Plaintiff owns federal trademark Registration No. 7,158,245 for EXOTICWHIP for pressurized gas containers used in whippers for cream. In early 2024, Defendant Yama Mohammad approached Plaintiff and stated that he wanted to purchase Plaintiff's EXOTICWHIP product at wholesale. Plaintiff alleges that Defendant Mohammad's representations were a ruse to gather information about Plaintiff's business that Defendants used to produce and sell products under a counterfeit trademark, EXOTICWHIP PRO, and featuring a trade dress that copied Plaintiff's jungle motif trade dress to Plaintiff's customers. In June 2024, Plaintiff became aware that Defendants' alleged counterfeit EXOTICWHIP PRO products were available at retailers that also carried Plaintiff's EXOTICWHIP products. On August 13, 2024, Plaintiff's counsel sent a cease and desist letter describing Plaintiff's trademark rights and demanding that Defendants cease selling competing products under EXOTICWHIP PRO and asking for information sufficient to determine all revenue and profits generated by Defendants' sale of the alleged counterfeit product. On October 11, 2024 Plaintiff's counsel received an affidavit of compliance signed by Defendant Mohammad stating that Defendants had:  (a) "ceased all sales activities of the offending products . . . including all manufacture, importation, marketing, sale, and distribution of any products featuring the mark EXOTICWHIPPRO or any other mark confusingly similar to EXOTICWHP"; (b) "caused to be removed all products at issue from the shelves of any wholesalers, distributors, retailers, or other

third parties"; (c) halted directly or indirectly from using, advertising or selling any and all EXOTICWHIPPRO products throughout the United States, including California that bears the EXOTICWHIPPRO feature"; and (d) "destroyed any remaining inventory of the products at issue . . . ." In early 2025, Plaintiff's distributors began reporting that Defendants' alleged counterfeit products were once again available for sale next to Plaintiff's EXOTICWHIP products. Plaintiff alleges that Defendants intentionally resold counterfeit product bearing EXOTICWHIP PRO and an infringing trade dress after certifying that it would not do so. Defendants assert that they did not.

Defendant Mohammad's October 11, 2024 affidavit of compliance contained sales figures for the alleged counterfeit products. The parties are in disagreement concerning the calculation of Defendants' profit from the sale of alleged counterfeit product.

Defendants' Statement:  Plaintiff's trademark is invalid because the products it sells under the mark are illegal and dangerous. Plaintiff's claims are barred by the doctrines of unlawful use in commerce, trademark abandonment, unclean hands, and because the asserted marks are void or unenforceable.

Plaintiff markets and distributes products in violation of applicable laws, and those products pose a significant risk of serious injury or death.  Misuse of nitrous oxide, which Plaintiff promotes and sells under the brand at issue in this action, has become an epidemic among young people in the United States. Deaths associated with nitrous oxide misuse have more than doubled between 2019 and 2023. The recreational use of nitrous oxide has caused terrible and often permanent injuries, including cognitive impairments such as difficulty with memory, attention, and executive functioning; peripheral nerve damage resulting in numbness, tingling, and weakness; problems with coordination and balance; and spinal cord damage that can lead to paralysis and bowel or bladder dysfunction.

Although Plaintiff purports to market its products for culinary use, such as for making whipped cream, that representation is a pretext. The overwhelming majority of Plaintiff's advertising

and marketing materials are plainly designed to promote the product for unlawful personal

inhalation. These materials include imagery, slogans, and marketing channels that have no

meaningful connection to lawful culinary use and instead directly appeal to recreational users in

violation of applicable laws and public policy.

Importantly, Plaintiff's products also violate the federal Food, Drug, and Cosmetic Act

because they constitute mislabeled drugs. Although nitrous oxide has legitimate uses, when nitrous

oxide is sold or marketed for recreational inhalation or euphoric effects, it is considered a drug.

Products intended for such use that are not approved by the FDA and are sold without adequate

directions for use or appropriate warnings are deemed misbranded and illegal. Because Plaintiff

markets nitrous oxide for its psychoactive effects under the guise of culinary use, its products are

misbranded drugs being sold in violation of federal law.

Plaintiff also contends that it has suffered a loss of sales as a result of Defendants' conduct.

However, all of Defendants' product sales (which have ceased as Defendants no longer sell the

accused product) occurred through smoke/vape shops, which primarily sell marijuana paraphernalia

and other vape and drug-related accessories. These retail outlets also routinely stock nitrous oxide

containers of the type sometimes referred to as "whippits" in drug culture. By Plaintiff claiming it

has lost sales due to Defendants' sales in these smoke shops, Plaintiff is acknowledging the non-

culinary outlets through which it sells its products, further underscoring the illegality and

dangerousness of the conduct in which Plaintiff is engaged.

By engaging in the unlawful promotion and sale of hazardous, misbranded drug products

under the asserted mark, and by using deceptive advertising to falsely imply lawful use while in fact

encouraging dangerous and illegal behavior, Plaintiff has acted in bad faith and with unclean hands.

Plaintiff has used the mark in connection with illegal conduct and has thereby forfeited any right to

enforce it. This conduct supports Defendants' affirmative defenses that Plaintiff's alleged trademarks

are void or unenforceable due to unlawful use in commerce, that Plaintiff has abandoned any

trademark rights by engaging in conduct inconsistent with trademark protection, and that Plaintiff is barred from relief under the doctrine of unclean hands.

**3.  Legal Issues**

Plaintiff alleges and Defendants deny that Defendants' sale of products under the EXOTICWHIP PRO mark and featuring a jungle motif trade dress constitutes trademark infringement pursuant to 15 U.S.C. § 1114, trademark counterfeiting pursuant to 15 U.S.C. § 1116(d)(1)(b), trademark and trade dress infringement pursuant to 15 U.S.C. § 1125(a), unfair competition pursuant to 15 U.S.C. § 1125, fraud, and unfair business practices pursuant to Cal. Bus. & Prof. Code § 17200.

Defendants assert several affirmative defenses and argue that Plaintiff's trademark rights are unenforceable because Plaintiff sells its whip cream chargers intending them for recreational use in violation of the law. Plaintiff disputes this characterization of its business and asserts that its trademark and trade dress rights are enforceable.

**4.  Motions**

There are no motions pending. The parties anticipate motions for summary judgment.

**5.  Amendment of Pleadings**

Plaintiff does not anticipate any amendments to the pleadings and propose a deadline of **August 29, 2025** for joinder of any additional parties and filing of motions to amend the pleadings.

Defendants anticipate that they may, after conducting further discovery, seek to add a counterclaim for cancellation of the trademark in question based on unlawful use, and/or inequitable conduct in the registration process.

**6.  Evidence Preservation**

Counsel for all parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Counsel for all parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on May 20, 2025.

**7. Disclosures**

No party has served initial disclosures, which are due **June 3, 2025**, but Defendant Mohammad has disclosed financial information related to the sale of the alleged counterfeit products for the purpose of settlement.

**8. Discovery**

No discovery has been served or taken as of the date of this filing. The parties do not anticipate needing an e-discovery order and propose the following deadlines related to discovery:

    **a.**    Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by **December 5, 2025**.

    **b.**    Parties shall exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by **January 9, 2026**.

    **c.**    Fact and Expert discovery shall be completed by **February 6, 2026**.

**9. Class Actions**

N/A

**10. Related Cases**

N/A

**11. Relief**

Plaintiff seeks disgorgement of Defendants' profits from the sale of the alleged counterfeit product and compensatory damages for sales lost by Plaintiff because of Defendants' alleged unlawful acts. Plaintiff also seeks treble damages, Plaintiff's costs and expenses, Plaintiff's reasonable attorneys' fees, and punitive damages.

**12. Settlement and ADR**

The parties believe that a settlement conference completed on or before **April 10, 2026** would be most likely to facilitate a resolution of this matter.

**13. Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties identify the following issues that are most consequential to this case:

**a.    Whether Plaintiff's trademark and trade dress rights are enforceable;** and

**b.    The calculation of Plaintiff's profits from the alleged unlawful acts.**

The parties shall produce relevant financial documents, correspondence, and USPTO filings, and, if necessary, serve third-party subpoenas on non-parties in a position to verify or expand upon the information contained therein pursuant to Fed. R. Civ. P. 45. The parties expect to address both issues identified above in motions for summary judgment after the close of discovery.

**15. Expedited Trial Procedure**

The parties do not believe this is an appropriate case for resolution under the Expedited Trial Procedure of General Order 64.

**16. Scheduling**

The parties propose the following deadlines:

| | | |
|---|---|---|
| 1. | Joinder of any additional parties and filing of motions to amend the pleadings by | **September 29, 2025** |
| 2. | Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **January 5, 2026** |
| 3. | Parties shall exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **February 9, 2026** |
| 4. | Fact and Expert discovery shall be completed by | **April 6, 2026** |

| 5. | ADR shall be completed by | **June 10, 2026** |
|---|---|---|
| 6. | Dispositive motions, including those regarding summary judgment and *Daubert,* shall be filed by | **July 8, 2026** |
| 7. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **November 4, 2026** |
| 8. | Pre-trial conference | **November 19, 2026** |
| 9. | Trial | **December 14, 2026** |

**17. Trial**

The parties anticipate trying the case before a jury.  The parties believe that any such trial should require 5 -7 days.

**18. Disclosure of Non-party Interested Entities or Persons**

All parties have filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.

    **a.**    Pursuant to Civil L.R. 3-15, Plaintiff Ramdon Corp., by and through its undersigned counsel, certifies that other than the parties themselves, Plaintiff is aware of no persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

    **b.**    Pursuant to Civil L.R. 3-15, Defendants Yama Electronics LLC, Yama Electronics, Inc., and Yama Mohammad, by and through their undersigned counsel, certify that other than the parties themselves, Defendants are aware of no persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other

entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**19. Professional Conduct**

The parties' undersigned counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other**

At this time, the parties are unaware of any other information that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED:  May 20, 2025                    Respectfully submitted,
                                        DUFF LAW PLLC

                                        By: */s/* Anderson J. Duff
                                        _____
                                           ANDERSON J. DUFF (*PHV*)
                                           KOLLIN J. ZIMMERMANN
                                        Attorneys for Plaintiff, Ramdon Corp.


DATED:  May 20, 2025                    Respectfully submitted,
                                        DOWNEY BRAND LLP

                                        By: */s/* Michael J. Thomas
                                        _____
                                           MICHAEL J. THOMAS
                                        Attorneys for Defendants,
                                        Yama Electronics LLC, Yama Electronics, Inc., and
                                        Yama Mohammad

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

approved as the Case Management Order for this case and all parties shall comply with its

provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE