KILPATRICK TOWNSEND & STOCKTON LLP
Kollin J. Zimmermann (CA Bar No. 273092)
KZimmermann@ktslaw.com
Kristine L. Craig (CA Bar No. 328736)
kcraig@ktslaw.com
Gabriel M. Ross (CA Bar No. 358450)
gross@ktslaw.com
1801 Century Park East Suite 2300
Los Angeles, CA  90067
Telephone:     310-248-3830
Facsimile:     310-860-0363

DUFF LAW PLLC
Anderson J. Duff (*pro hac vice* granted)
ajd@hoganduff.com
353 Ocean Avenue, Suite 4E
New York, New York 11226
Telephone:     646-450-3607

*Attorneys for Plaintiff, Ramdon Corp.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| RAMDON CORP., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>YAMA ELECTRONICS LLC, a California limited liability company; YAMA ELECTRONICS, INC., a California corporation; and YAMA MOHAMMAD, an individual in California,<br><br>    Defendants. | Case No.: 5:25-cv-02423-SVK<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION; **ORDER AS MODIFIED** |

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

1

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received since March 1, 2021 will be preserved;

b) The parties have agreed to exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties ~~have~~ will agree on the number of custodians per party for whom ESI will be preserved;

d) As of the date of this stipulation, there are no known data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced~~:~~ ~~;~~ .

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 6. PRODUCTION FORMATS

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☒paper or a combination thereof [(check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

### 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5).

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. The Parties shall meet and confer regarding any modification of this Order. If they are unable to agree on a modification, they shall follow the procedures for resolving discovery disputes set forth in Judge van Kuelen's Civil and Discovery Referral Matters Standing Order and present the dispute by filing a joint statement directed to Judge van Keulen.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 15, 2025        /Anderson J. Duff/

                                                        Counsel for Plaintiff

Dated: July 15, 2025        /Michael J. Thomas/

                                                        Counsel for Defendants

3

1 **IT IS ORDERED** that the forgoing Agreement is approved.

Dated: July 16, 2025

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE