# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

December 8, 2025

**VIA ECF ONLY**
Hon. Susan van Keulen
United States District Court
Northern District of California
280 South 1st Street,
Courtroom 6 – Fourth Fl.,
San Jose, California 95113

Re:  *Ramdon Corporation v. Yama Electronics LLC, et al.*, Case No. 5:25-cv-2423 (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      In accordance with Your Honor's December 5, 2025 Order requesting a status update, Plaintiff states as follows:

      Defendants initially produced a summary of their purported sales of infringing products to third parties, a one-page document Defendants state is the invoice for their only purchase of infringing products, and a one-month account summary for a single checking account in the name of Yama Electronics LLC. In an October 10, 2025 email, Plaintiff's counsel advised that, for the mediation to be productive, Plaintiff would need "at least, purchase orders showing how many units bearing the infringing mark [Defendants] purchased and at what price as well as the documentation showing how many units bearing the infringing marks were sold to third parties." The parties exchanged written discovery requests on October 16, 2025.

      Counsel for the parties spoke with the appointed mediator, Erik J. Olson, on October 29, 2025. During the meeting, Plaintiff's counsel reiterated that Plaintiff needed to review receipts, invoices, and purchase orders concerning Defendants' purchase and sale of counterfeit products if the mediation was to be productive. Anticipating the receipt of such documents before the mediation, counsel for each party agreed to accept responses to all other previously served written discovery requests two weeks after the mediation. The parties subsequently agreed to a mediation on December 5, 2025.

      On November 12, 2025, Defendants' counsel forwarded an email containing the summaries and a one-page purchase order previously produced to Plaintiff's counsel. On November 17, 2025, Plaintiff's counsel emailed Defendants' counsel asking for confirmation that Defendants did not have any records showing the sale of product to their buyers. On November 21, 2025, Plaintiff's counsel sent a follow-up email stating that "[i]f Defendants will not be producing documents that support their financial summaries in advance of the mediation, there is no chance of a settlement." Defendants' counsel responded the same day in an email stating that Defendants did not have any documentation supporting the financial summaries they had produced.

      On December 2, 2025, the parties exchanged mediation statements in advance of their mediation scheduled for December 5, 2025. On December 4, 2025, Defendants' counsel provided another summary Defendants' infringing sales. The parties went through mediation with Erik J. Olson on December 5, 2025.

# Duff Law PLLC

Anderson J. Duff
Managing Member
(646) 450-3607
ajd@hoganduff.com

At the mediation, Defendants agreed to produce bank statements from all bank accounts (at least two) for at least the period March 1, 2024 to November 30, 2025 on or before December 12, 2025. The parties agreed that: (1) by December 15, 2025 at noon, the parties will confirm with Erik J. Olson that the mediation will resume on December 16, 2025 at 9:00 a.m. PT via Zoom; and (2) no discovery served by either party will be due until two weeks after the mediation concludes on December 16, 2025.

       Plaintiff does not believe that a status hearing would be helpful until Defendants have produced the bank statements described above and the parties have either finished mediation or concluded that additional mediation would not be useful. In a December 8, 2025 email, Plaintiff's counsel conferred with Defendants' counsel who stated that Defendants did not believe that a December 9, 2025 status hearing would be helpful.

Respectfully submitted,

By: Anderson J. Duff

AJD/jo
cc:   Michael Thomas
      mthomas@DowneyBrand.com

      Lindsay Riley
      lriley@DowneyBrand.com

      Kollin Zimmermann
      kzimmermann@ktslaw.com

      Kristine Craig
      KCraig@ktslaw.com